**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RAFIKI DI MAGANO,                  :
                                   :    Civil Action No. 08-758(RMB)
          Petitioner,              :
                                   :
     v.                            :    **O P I N I O N**
                                   :
STATE OF NEW JERSEY,               :
                                   :
          Respondent.              :

**APPEARANCES:**

    Rafiki Di Magano, Petitioner pro se
    # 193695
    Camden County Correctional Facility
    330 Federal Street
    Camden, New Jersey 08103

**BUMB**, District Judge

This matter is before the Court on petitioner Rafiki Di Magano's petition for habeas corpus relief under 28 U.S.C. § 2254. The sole respondent is the State of New Jersey.[1] For the reasons set forth below, the petition will be dismissed without prejudice.

---

[1] The State of New Jersey is not a proper respondent. See, e.g., Rumsfield v. Padilla, 542 U.S. 426, 434-436 (2004) (in habeas challenges to present physical confinement, the proper respondent is the warden of the facility where the petitioner is confined). Because of the resolution of this matter, it is not necessary to require Petitioner to amend the Petition.

## BACKGROUND

Petitioner was charged with various state drug charges. A trial was held, which resulted in a hung jury in June of 2006. Petitioner is currently in custody awaiting retrial. Petitioner states that he was put on the "trial list" for January 2008. Since this case was filed in February, it is apparent that Petitioner's case was postponed.

Petitioner argues that he is being held unjustly. He has been denied evidentiary hearings and probable cause hearings without waiving these rights, that he has been put on a trial list and his case has not been handled in a speedy manner, that he was the victim of police misconduct in the course of his arrest, and that his indictment was not properly signed and should be dismissed.

Thus, it appears from the petition that Petitioner may be seeking his release from confinement before any adjudication of guilt or sentencing based on his claims that he has been denied due process and a speedy trial.

## ANALYSIS

A. <u>Standards for Sua Sponte Dismissal</u>

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application
> for a writ of habeas corpus shall forthwith award the writ
> or issue an order directing the respondent to show cause

>       why the writ should not be granted, unless it appears from
>       the application that the applicant or person detained is
>       not entitled thereto.

Petitioner brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas petition if it appears from the face of the application that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

B.  Jurisdiction

Although Petitioner filed his petition under 28 U.S.C. § 2254, jurisdiction to issue a writ of habeas corpus before a judgment of conviction is rendered in a state criminal proceeding lies under 28 U.S.C. § 2241(c)(3). See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Moore v. DeYoung, 515 F.2d 437, 442, 443 (3d Cir. 1975). Thus, this Court will construe his petition as a petition under § 2241.

3

To invoke habeas corpus review under § 2241, the petitioner must satisfy two jurisdictional requirements: (1) the status requirement that the person be "in custody," and (2) the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).  Although Petitioner may be sufficiently "in custody" at this time to attack the New Jersey charges against him, it is clear that habeas relief is not warranted.  In other words, while Petitioner may meet the status requirement, he cannot sustain the substance requirement that would entitle him to habeas relief under § 2241(c)(3).

C.  Exhaustion Analysis

Section 2241 petitioners are not statutorily required to exhaust state court remedies, but "an exhaustion requirement has developed through decisional law, applying principles of federalism."  Moore, 515 F.2d at 442.  Nevertheless, while this Court has jurisdiction under § 2241 to entertain Petitioner's pretrial habeas petition, relief is not warranted where "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to state criminal charges prior to a judgment of conviction by a state court."

Braden, 410 U.S. at 489 (quoting Ex Parte Royall, 117 U.S. 241, 253 (1886)).

In Moore v. DeYoung, supra, a New Jersey pretrial detainee filed a habeas petition in this federal district court asserting denial of the right to a speedy trial and seeking discharge from custody and an injunction against New Jersey criminal proceedings, similar to Petitioner's petition in the instant case. The district court granted pretrial habeas relief, however, the United States Court of Appeals for the Third Circuit reversed on the grounds that the petitioner had not exhausted the merits of his speedy trial claim before the New Jersey courts, and the alleged denial of a speedy trial is not an extraordinary circumstance warranting pretrial habeas relief. See Moore, 515 F.2d at 447. As to exhaustion, the Court of Appeals found that:

> Moore did not exhaust his state court remedies prior to application for federal habeas corpus relief. This issue is still available to Moore as an affirmative defense at trial and thereafter, on appellate review. Indeed, the trial court expressly recognized that additional evidence as to prejudice on the issue of delay could be adduced at trial.

Id. at 445.

The Court of Appeals expressly rejected the petitioner's argument that the constitutional right to a speedy trial is an extraordinary circumstance which bars not only a conviction for the underlying offense but a trial for that offense, finding that

> From the premise that he has a right not to stand trial, Moore proceeds to the conclusion that, to avoid the threatening state trial, there must be some pre-trial forum

5

> (if not a state forum, then a federal forum) to test the merits of his constitutional claim.  Otherwise, he argues, he would be required to undergo the rigors of trial to vindicate his claim that the state court can no longer bring him to trial. ...
>
> We are not prepared to hold that either the chronology of events leading to this prosecution or the alleged denial of Moore's right to a speedy trial, constitutes such "extraordinary circumstances" as to require federal intervention prior to exhaustion of state court remedies.  We perceive nothing in the nature of the speedy trial right to qualify it as a per se "extraordinary circumstance."  We know of no authority, either pre- or post-<u>Braden</u>, <u>supra</u>, that excepts or singles out the constitutional issue of speedy trial as an extraordinary circumstance sufficient to dispense with the exhaustion requirement.  To the contrary, the cases in which the speedy trial claim has been raised in a pre-trial habeas context have granted the writ only after exhaustion on the merits in the state courts.

<u>Id</u>. at 446.

The Court of Appeals accordingly reversed the order granting pretrial relief to Moore.  "Moore having failed to exhaust his state remedies on the merits and having failed to present an 'extraordinary circumstance' which would warrant pre-trial, pre-exhaustion habeas corpus relief, we conclude that the district court erred as a matter of law in granting Moore's petition." <u>Id</u>. at 447.

Here, Petitioner essentially argues that the State of New Jersey has violated his Speedy Trial rights under the United States Constitution by failing to bring him to a second trial in a timely manner, as well as his right to due process and fundamental fairness under the Fourteenth Amendment.  The Sixth Amendment of the United States Constitution provides: "In all

criminal prosecutions, the accused shall enjoy the right to a speedy and public trial ..." U.S. Const. amend. VI. However, the Speedy Trial Clause "does not, either on its face or according to the decisions of this Court, encompass a 'right not to be tried' which must be upheld prior to trial if it is to be enjoyed at all." United States v. MacDonald, 435 U.S. 850, 861 (1978).

This Court need not determine whether the State of New Jersey violated the Fourteenth Amendment or the Sixth Amendment Speedy Trial Clause because Petitioner has not exhausted any of these claims before the New Jersey courts. While he may have attempted to file motions or other petitions in his state criminal trial proceeding, he has not exhausted the merits of his speedy trial and due process claims before the New Jersey Appellate Division or New Jersey Supreme Court. As the Court of Appeals explained in Moore,

> Petitioner ... will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and in any subsequent appellate proceedings in the state courts. Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented. These procedures amply serve to protect [Petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes.

Moore, 515 F.2d at 449; see also United States v. Castor, 937 F.2d 293, 296-97 (7th Cir. 1991); Dickerson v. State of Louisiana, 816 F.2d 220, 225-27 (5th Cir.), cert. denied, 484

U.S. 956 (1987); Atkins v. State of Michigan, 644 F.2d 543, 545-47 (6th Cir.), cert. denied, 452 U.S. 964 (1981); Carden v. State of Montana, 626 F.2d 82 (9th Cir.), cert. denied, 449 U.S. 1014 (1980).

Therefore, because Petitioner has failed to exhaust his speedy trial and due process claims before the New Jersey state courts, habeas relief is not warranted under § 2241 on these grounds, and the petition will be dismissed without prejudice.[2]

The Court also notes that within his habeas petition, Petitioner complains about the conditions in the facility in which he is housed, as well as his medical treatment at the facility.  To the extent that Petitioner seeks to challenge the

---

[2] Petitioner has not demonstrated that there is an absence of available state corrective processes.  See 28 U.S.C. § 2254(b)(1).  See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001).  Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886).  The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).  The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism.  Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18.  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  Rose, 455 U.S. at 519.  Petitioner here does not allege facts indicating that he has exhausted his state remedies, nor does he allege any "extraordinary circumstances" that would justify this Court's exercising its jurisdiction to provide pre-trial habeas relief.

conditions of his confinement or the medical care he is receiving, he must do so by filing the appropriate civil complaint, with the requisite filing fee.  Petitioner may not challenge conditions of confinement in this habeas petition as they do not challenge the fact or duration of Petitioner's custody.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.[3] A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 1537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue

---

[3]  Although Petitioner's petition seeks pretrial habeas relief and is appropriately characterized as a habeas petition under 28 U.S.C. § 2241(c)(3), a certificate of appealability is still required because the final order in this habeas proceeding denies relief from a "detention complained of aris[ing] out of process issued by a State Court."  28 U.S.C. § 2253(c)(1)(A).

when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the Court's procedural disposition of this case debatable. Accordingly, no certificate of appealability will issue.

## CONCLUSION

For the foregoing reasons, this Court finds that Petitioner has failed to exhaust his available state court remedies or to allege facts sufficient to excuse failure to exhaust. The Court therefore will dismiss this habeas petition without prejudice.

No certificate of appealability will issue, insofar as Petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

DATED: June 3, 2008